J-A05015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY EDWARD HOPTON | : | |
| | : | |
| Appellant | : | No. 147 WDA 2018 |

Appeal from the PCRA Order Entered December 29, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004475-2014,
CP-02-CR-0016344-2014

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED FEBRUARY 28, 2019**

Appellant, Gary Edward Hopton, appeals from the order entered in the Allegheny County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm and grant counsel's petition to withdraw.

In its opinion, the PCRA court accurately set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Preliminarily, appellate counsel has filed a motion to withdraw as counsel and an accompanying brief pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

213 (Pa.Super. 1988) (*en banc*). Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to **Turner** and **Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel. **Id.** "Substantial compliance with these requirements will satisfy the criteria." **Karanicolas, supra** at 947.

Instantly, appellate counsel filed a motion to withdraw as counsel and a **Turner**/**Finley** brief detailing the nature of counsel's review and explaining why Appellant's issues lack merit. Counsel's brief also demonstrates he reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw, and advised Appellant regarding his rights. Thus, counsel substantially complied with the **Turner**/**Finley** requirements. **See Wrecks, supra**; **Karanicolas, supra**.

Counsel raises the following issues on Appellant's behalf:

> WHETHER [APPELLANT] IS ENTITLED TO RE-SENTENCING BECAUSE, WHEN HE CONSENTED TO BLOOD TESTS, HE DID SO UNDER THE THREAT OF ADDITIONAL CRIMINAL

PENALTIES FOR REFUSING SUCH TESTS WHICH IS UNCONSTITUTIONAL UNDER **BIRCHFIELD V. NORTH DAKOTA**, ___ U.S. ___, 136 S.CT 2160[, 195 L.Ed.2d 560] (2016)?

WHETHER [APPELLANT] IS ENTITLED TO REINSTATEMENT OF HIS RIGHT TO APPEAL HIS AUGUST 20, 2014 JUDGMENT OF SENTENCE AT CP-02-CR-0004475-2014 AND APRIL 17, 2015 JUDGMENT OF SENTENCE AT CP-02-CR-0016344-2014, WHERE TRIAL COUNSEL FAILED TO ADVISE [APPELLANT] *CERTIORARI* WAS PENDING BEFORE AND/OR GRANTED BY THE UNITED STATES SUPREME COURT ON THE CONSTITUTIONALITY OF IMPOSING GREATER CRIMINAL PENALTIES FOR REFUSAL TO SUBMIT TO A CHEMICAL TEST OF BLOOD DURING THE TIME PERIOD WITHIN WHICH [APPELLANT] COULD HAVE TIMELY COMMENCED PCRA PROCEEDINGS TO SEEK REINSTATEMENT OF HIS RIGHT TO APPEAL SAID SENTENCES?

(**Turner**/**Finley** Brief at 2).[2]

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. **Commonwealth v. Ford**, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. **Commonwealth v.**

_____

[2] Appellant has not responded to the **Turner**/**Finley** brief *pro se* or with newly retained private counsel.

- 3 -

*Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable David R. Cashman, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (*See* PCRA Court Opinion, filed October 24, 2018, at 5-14) (finding: Appellant's PCRA petition is untimely with respect to any claims concerning his original pleas, convictions, and judgments of sentence imposed on August 20, 2014 and April 17, 2015; nevertheless, Appellant's PCRA petition is timely with respect to claims concerning his revocation sentence; however, Appellant is not entitled to relief under *Birchfield*, where court imposed revocation sentence on January 4, 2016, Appellant did not appeal revocation sentence, his revocation sentence became final before *Birchfield* was decided on June 23, 2016, and *Birchfield* has not been held to apply retroactively to cases on collateral review; further, U.S. Supreme Court granted *certiorari* in *Birchfield* on December 11, 2015, and decided it on June 23, 2016, so Appellant cannot prove counsel gave him improper advice concerning state of law in 2014 and early 2015, when Appellant entered his original guilty pleas; counsel is not ineffective for failing to predict change in law). Accordingly, we affirm based on the PCRA court's opinion. Following an independent review of the record, we grant counsel's petition to withdraw.

Order affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/28/2019</u>

Circulated 02/05/2019 04:28 PM

IN THE FIFTH JUDICIAL DISTRICT OF THE COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ALLEGHENY

COMMONWEALTH OF PENNSYLVANIA

vs.

GARY EDWARD HOPTON

CRIMINAL DIVISION
CC No. 201404475; 201416344
Superior Court No. 147WDA2018

**OPINION**

JUDGE DAVID R. CASHMAN
308 Courthouse
436 Grant Street
Pittsburgh, PA 15219
(412) 350-3905

Copies Sent To:

Michael Streily, Esquire (Interoffice)
Office of the District Attorney
4th Floor, Courthouse
Pittsburgh, PA 15219

Charles R. Pass, III, Esquire
 (US Mail)
1204 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219

IN THE FIFTH JUDICIAL DISTRICT OF THE COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ALLEGHENY
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA ) CC No. 201404475; 201416344
vs. ) Superior Court No. 147WDA2018
GARY EDWARD HOPTON )

## OPINION

On May 6, 2014, Appellant, Gary Hopton (hereinafter referred to as "Hopton"), was charged at CC 201404475 with one count each of DUI - Highest Rate (75 Pa.C.S.A. § 3802(c)), DUI – General Impairment: Accident Involving Injury or Damage to Property (75 Pa.C.S.A. §§ 3802(a)(1), 3804(b)), DUI – General Impairment (75 Pa.C.S.A. § 3802(a)(1)), and Driving Without a License (75 Pa.C.S.A. § 1501(a)), in connection with an incident that occurred on February 3, 2014. On August 20, 2014, Hopton entered a guilty plea at all four counts, and was thereafter sentenced by this Court, at Count 1, to serve three (3) days at the Allegheny County Jail to be followed by five (5) months of probation. Counts 2 and 3 merged with Count 1 and Hopton received no further penalty at Count 4. Appellant did not file post-sentence motions or a direct appeal following his guilty plea at CC 201404475.

On January 22, 2015, Hopton was charged at CC 201416344 with one count each of DUI - Highest Rate (75 Pa.C.S.A. §§ 3802(c), 3803(b)(4)), DUI - General Impairment: Accident Involving Injury or Damage to Property (75 Pa.C.S.A. §§ 3802(a)(1), 3804(b)), DUI - General Impairment (75 Pa.C.S.A. § 3802(a)(1)),

2

Accident Involving Death or Personal Injury (75 Pa.C.S.A. § 3742(a)), Accident Involving Death or Personal Injury While Not Properly Licensed (75 Pa.C.S.A. §3742.1 (a)), and three summary traffic offenses, in relation to an incident that occurred on October 6, 2014, while Hopton was serving his probation at CC 201404475.

On April 17, 2015, Hopton appeared before this Court at CC 201416344 and entered a negotiated guilty plea and was sentenced at Count 1 to serve three (3) years of probation with six (6) months to be served on Intermediate Punishment. Counts 2 and 3 merged with Count 1, Count 4 was withdrawn, and Hopton received no further penalty at Counts 5-8. On May 5, 2015, this Court entered a modified Order of Sentence to reflect a change in the amount of restitution. Hopton did not file post-sentence motions or a direct appeal following his guilty plea at CC 201416344.

On January 4, 2016, this Court found that Hopton violated his probation imposed at CC 201416344 and resentenced Hopton at Count 1 to serve two (2) to four (4) years at SCI Camp Hill. Hopton's RRRI minimum sentence in that case was 18 months of incarceration. Also, on January 4, 2016, this Court found that Hopton had violated his probation at CC 201404475 and therefore resentenced him, at Count 1, to serve two (2) months to five-and-a-half (5 1/2) months at SCI Camp Hill. This sentence was to be served consecutively to the sentence of incarceration imposed at CC 201416344. Hopton's RRRI minimum sentence at this case was one-and-a-half (1 1/2) months of incarceration. As such, the aggregate sentence imposed

3

at the two cases for the probation violation was a minimum of two (2) years and two (2) months to a maximum of four (4) years and five-and-a-half (5 1/2) months of incarceration.

Hopton did not file post-sentence motions or a direct appeal following the revocation of his probation. However, on August 17, 2016, Hopton filed a *pro se* petition pursuant to the Post Conviction Relief Act (hereinafter referred to as "PCRA") in relation to both cases. On July 10, 2017, Hopton filed an amended PCRA petition and the Commonwealth thereafter filed an answer to Hopton's PCRA petition. After a hearing on Hopton's PCRA petition, this Court denied Hopton's requests for PCRA relief by Order dated December 29, 2017. The instant appeal followed.

Hopton's concise statement of matters complained of on appeal (hereinafter referred to as "1925(b) statement"), sets forth two claimed errors. First, Hopton asserts that he is entitled to re-sentencing because, when he consented to blood tests, he did so under the threat of additional criminal penalties for refusing such tests. Hopton argues that his consent to blood tests under threat of additional penalties was unconstitutional under the United States Supreme Court's decision in *Birchfield v. North Dakota*.[1]

The second claim raised in Hopton's 1925(b) statement is an ineffective assistance of counsel claim. Specifically, Hopton argues that he is entitled to reinstatement of his right to appeal his August 20, 2014, judgment of sentence at

---

[1]     *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016).

4

CC 20144475 and April 17, 2015, judgment of sentence at CC 201416344 because his trial counsel failed to advise him that certiorari was pending before and/or granted by the United States Supreme Court on the constitutionality of imposing greater criminal penalties for refusal to submit to a chemical test of blood during the time period within which he could have timely commenced PCRA proceedings to seek reinstatement of his right to appeal his sentences.

Based upon the claims raised in his 1925(b) statement, Hopton is seeking to have this Court's Order denying PCRA relief vacated and requesting that the matter be remanded for re-sentencing in accordance with law.

The Post-Conviction Relief Act ("PCRA"), codified at 42 Pa.C.S.A. § 9541 et. seq, is intended to, "provide the sole means for obtaining collateral review and relief, encompassing all other common law rights and remedies, including habeas corpus." *Com. v. Lantzy*, 558 Pa. 214, (1999); 42 Pa.C.S.A. § 9542; *Com. v. Hall*, 565 Pa. 92, (2001). The PCRA was enacted to provide collateral relief to those individuals who are innocent of the crime for which they were convicted or are serving an unlawful sentence. 42 Pa.C.S.A. § 9542. There is no constitutional right to any post-conviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990 (1987). Because the relief afforded to PCRA petitioners is available only, "through the grace of the legislature," the filing of a PCRA petition is subject to strict jurisdictional rules. *Com. v. Alcom*, 703 A.2d 1054, 1057 (Pa.Super. 1997); *Com. v. Abu-Jamal*, 833 A.2d 719, 723-724 (Pa. 2003).

5

Before a court can reach the merits of a PCRA claim, the petitioner must first show that he is currently serving or waiting to serve a sentence of imprisonment, probation, or parole for the crimes at issue. 42 Pa.C.S.A. § 9543(a)(1)(i). In addition, any PCRA petition, "*including a second or subsequent petition*, [must] be filed within one year of the date the judgment becomes final..." 42 Pa.C.S.A. § 9545(b)(1). For purposes of application of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Finally, the issues raised in the PCRA petition must not have been previously litigated or waived. 42 Pa.C.S.A. § 9544(a), (b). An issue has been previously litigated if, "the highest court in which the petitioner could have had a review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. § 9544(a)(2). Additionally, an issue is waived, "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b).

If a PCRA petition satisfies the jurisdictional requirements of the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that the conviction or sentence resulted from one or more of the following:

1. A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place;

6

2. Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place;

3. A plea of guilty unlawfully induced where the circumstance make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent;

4. The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court;

5. The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced; and/or

6. The imposition of a sentence greater than the lawful maximum. A proceeding in a tribunal without jurisdiction. 42 Pa.C.S.A. § 9543(a)(2).

As a preliminary matter, Hopton's PCRA petition was untimely with respect to any claims he seeks to assert concerning his original judgments of sentence and convictions that followed his guilty pleas on August 20, 2014 and April 17, 2015. With respect to his conviction at CC 201404475, Hopton was sentenced on August 20, 2014, and he did not file a direct appeal from the judgment of sentence. As such, Hopton's judgment of sentence became final thirty (30) days later on September 19, 2014. Hopton then had one (1) year from that date, or until, September 19, 2015, to file for PCRA relief from his original judgment of sentence and conviction. Because Hopton did not file his *pro se* PCRA petition until August 17, 2016, his PCRA petition was untimely with respect to any claims that he asserted in relation to CC 201404475.

Similarly, with respect to his conviction at CC 20141634, Hopton was sentenced on April 17, 2015, and he did not file a direct appeal from the judgment of

7

sentence. Hopton's judgment of sentence therefore became final thirty (30) days later, on May 17, 2015. Hopton then had one year from that date, or until, May 17, 2016, to file for PCRA relief from his original judgment of sentence and conviction. Because he did not file his *pro se* PCRA petition until August 17, 2016, Hopton's petition was untimely with respect to any claims that Hopton sought to assert concerning his original judgment of sentence and conviction at CC 20141634.

With respect to any claims that Hopton asserted in relation to the sentence imposed following the revocation of his probation, Hopton met the jurisdictional requirements of the PCRA. He was serving or waiting to serve his sentence of two (2) years and two (2) months to a maximum of four (4) years and five-and-a-half (5 1/2) months of incarceration imposed by this Court on January 4, 2016, following the revocation of his probation. In addition, Hopton filed his *pro se* PCRA petition within one (1) year of his judgment of sentence becoming final after the revocation of his probation. Hopton was resentenced by this Court on January 4, 2016, and did not thereafter file a direct appeal. Thus, Hopton's judgment of sentence related to his probation violation became final on February 3, 2016, when his time period to file a timely notice of appeal to the Superior Court expired. Hopton then had one year from that date, or until February 3, 2017, to file a timely PCRA petition based on the revocation of his probation. Hopton therefore timely filed his *pro se* PCRA petition on August 17, 2016. As such, Hopton's PCRA petition was timely with respect to claims related to the sentence imposed following the revocation of his

8

probation. However, for reasons detailed more fully herein, Hopton's appeal is meritless, and he is not entitled to the relief.

The first claimed error raised by Hopton in the instant appeal relates to the constitutionality of his sentences. Specifically, Hopton asserts that he is entitled to have his sentences at CC 201416344 and CC 20144475 vacated and remanded for resentencing because, when he consented to blood tests, he did so under the threat of additional penalty for refusal. Hopton's constitutional claim is based on the United States Supreme Court's 2016 decision in *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016), in which the Supreme Court held that implied consent laws with additional criminal penalties are unconstitutional and a warrant is required to draw blood. Hopton's claims related to the unconstitutionality of his sentence must fail because Hopton's sentence was not illegal and he is not entitled to the retroactive application of the rule announced in *Birchfield*.

First, Hopton's sentence is not illegal under *Birchfield* because his judgment of sentence was made final before the *Birchfield* case was decided by the United States Supreme Court in June 2016. Hopton was originally sentenced at CC 201404475 on August 20, 2014, and at CC 201416344 on April 17, 2015. Hopton did not file a direct appeal from the judgment of sentence in either case. Furthermore, after the revocation of his probation at both cases, Hopton was resentenced by this Court on January 4, 2016, and he did not subsequently file a direct appeal from the judgment of sentence in either case. As such, Hopton's judgment of sentence from

9

his probation revocation at both cases became final on February 3, 2016, when his time period to file a timely notice of appeal had expired.

*Birchfield* was decided by the Supreme Court in June 2016. Although the *Birchfield* Court did hold that criminalization of a suspect's refusal to consent to a blood test violates the Fourth Amendment to the United States Constitution[2], the *Birchfield* case was not decided until several months after Hopton's judgment of sentence from his probation revocation became final. Thus, Hopton's sentence was not illegal when imposed by this Court because *Birchfield* had not yet been decided at the time at which the sentence was imposed.

In addition, Hopton is not entitled to the benefit of the new rule announced in *Birchfield* because the rule has not been held to apply retroactively to cases on collateral review, such as Hopton's case. In *Com. v. Moyer*, 171 A.3d 849, which was a direct review case, the Superior Court recognized the axiomatic principle that "[i]n Pennsylvania, it has long been the rule that criminal defendants are not entitled to retroactive application of a new constitutional rule unless they raise and preserve the issue during trial." *Id.* Moreover, the new rule of law established in *Birchfield* does not fall under one of the two exceptions to the rule against retroactivity on collateral review set forth in *Teague v. Lane*, 489 U.S. 288, 307 (1989).

Under *Teague*, for a new rule of constitutional law, retroactivity is accorded only to rules deemed substantive in character, and to "watershed rule of criminal

---

[2]     *See also Com. v. Moyer*, 171 A.3d 849 (Pa.Super. 2017) (discussing *Birchfield*).

10

procedure," which "alter our understanding of the bedrock procedural elements" of the adjudicatory process. *Teague*, 489 U.S. at 311. First, the *Birchfield* decision is not substantive, because it does not prohibit punishment for an entire class of offenders, nor does it decriminalize conduct. *Birchfield v. North Dakota*, 136 S.Ct. 2160. Rather, the decision regulates the manner of determining a defendant's culpability, requiring that the manner of obtaining evidence contained within a suspect's blood follow a certain process. *Id.* It does not automatically invalidate all convictions where a defendant refused a blood draw, only those where a defendant was threatened with an enhanced criminal penalty. *Id.*

Even where a procedural error has infected a trial, the resulting conviction or sentence may still be valid, and, by extension, the defendant's continued confinement may still be lawful. *Montgomery v. Louisiana*, 136 S.Ct. 718, 730 (2016). For this reason, a trial conducted under a procedure found to be unconstitutional in a later case does not, as a general matter, have the automatic consequence of invalidating a defendant's conviction or sentence. *Id.* Because the Supreme Court's decision in *Birchfield* does not announce an extraordinary, watershed rule of criminal procedure, Hopton's sentence was not invalidated by *Birchfield* and should not be disturbed.

The second claim raised in Hopton's 1925(b) statement is that he is entitled to reinstatement of his right to appeal his August 20, 2014 and April 17, 2015, sentences because his trial counsel failed to advise him that *Birchfield* was was pending before the United States Supreme Court. Hopton argues that, had he been

11

advised of the fact that *Birchfield* was pending, he could have timely commenced PCRA proceedings to seek reinstatement of his right to appeal said sentences.

In order to prevail on a claim of ineffectiveness of counsel under the Post-Conviction Relief Act, a petitioner must plead and prove, by a preponderance of the evidence, that: (1) the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. *Com. v. Pander*, 100 A.3d 626, 630-631 (Pa.Super. 2014) *(en banc)* (internal citations and quotations omitted). Where the petitioner fails to plead or meet any of these elements, his claim must fail. *Id.*

A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *Id.* Whether the facts rise to the level of arguable merit is a legal determination. *Id.* The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. *Id.* Counsel's decisions will be considered reasonable if those decisions effectuated his or her client's interests, and courts will not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken. *Id.* Prejudice is established only if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

12

In the instant appeal, Hopton argues that his counsel was ineffective for failing to advise him that, "certiorari was pending before and/or granted by the United States Supreme Court on the constitutionality of imposing greater criminal penalties for refusal to submit to a chemical test of blood during the time period in which Defendant could have timely commenced PCRA proceedings to seek reinstatement of his right to appeal said sentences." However, like his constitutional claim, Hopton's ineffectiveness of counsel claim is baseless and does not entitle him to relief. Hopton has neither alleged, nor proven, that his counsel improperly advised him concerning the state of the law at the time at which he plead guilty. Furthermore, Hopton cannot sustain his burden for establishing ineffective assistance of counsel on the basis that his counsel failed to predict changes in the law.

Hopton was sentenced at CC 201404475 on August 20, 2014, and was subsequently sentenced at CC 201416344 on April 17, 2015. The United States Supreme Court did not grant certiorari in *Birchfield* until December 11, 2015, and *Birchfield* was not decided until June 23, 2016. Accordingly, at the time at which Hopton pled guilty, the Supreme Court had not yet granted certiorari, much less decided the case. Accordingly, to the extent that Hopton relies on *Birchfield* to support his ineffective assistance of counsel claim, he has not proven that his counsel improperly advised him concerning the state of the law at the time at which he entered his plea.

13

Hopton is ostensibly arguing that his trial counsel should have possessed the foresight to determine that: (1) the Supreme Court was going to grant certiorari in *Birchfield*; and (2) the Supreme Court would then issue a new rule of law in *Birchfield* which would apply to his case. As the Pennsylvania Supreme Court has made clear, "[i]t is well-settled that counsel cannot be deemed ineffective for failing to predict changes in the law. *Com. v. Cousar*, 154 A.3d 287, 303 (Pa. 2017). As such, Hopton's counsel was not ineffective for allowing him to plead guilty where *Birchfield* had not yet been decided, and Hopton is not entitled to relief on this basis.

BY THE COURT:

_____ Cashman, A.J.

DATED: 10/24/18

14